**FIATAFUNA TUALATAI, VAIAUSIA TULAU, FRANCES TAYLOR, AVELOGO TAYLOR, and JOE LEOTA TAYLOR, Plaintiffs,**

v.

**SEEPA TAVITA, Defendant.**

High Court of American Samoa
Land and Titles Division

LT No. 28-04

October 21, 2004

Before KRUSE, Chief Justice, MAMEA, Associate Judge, and TAPOPO, Associate Judge.

Counsel: For Plaintiffs, Tauivi Tuinei
        For Defendant, *Pro Se*

211

This matter came on regularly for hearing upon plaintiffs Fiatafuna Tualatai, Vaiausia Tulau, Francis Taylor, Avelogo Taylor, and Joe Leota Taylors' (collectively the "Plaintiffs") motion for provisional injunctive relief, to enjoin the defendant Seepa Tavita ("Tavita") from the further the sale/alienation of land "Alatutu`i" located in the village of Tafuna and more particularly described in Drawing RPS2-3-21-87, being a part of Exhibit "4" herein. The Plaintiffs duly appeared with counsel Tauivi Tuinei while Tavita did not, although she was duly served with this Court's Order to Show Cause.

## Discussion

In these matters, we are guided by A.S.C.A. § 43.1301(j), which sets out the requirement of "sufficient grounds" for the issuance of a preliminary injunction. These are:

> (1) there is a substantial likelihood that the applicant will prevail at trial on the merits and that a permanent injunction will be issued against the opposing party; and
> (2) great or irreparable injury will result to the applicant before a full and final trial can be fairly held on whether a permanent injunction should issue.

The parties are members of the Fagaima family of Tafuna. Plaintiff Fiatafuna Tualatai testified that she and her husband had recently returned to the Territory after retiring from the military to discover that her sister Tavita had sold much of her parent's assigned communal land to strangers. Upon inquiry with the Territorial Registrar, she discovered that her late brother, Fagaima Taylor, had attempted to alienate their communal land stake to their sister Tavita in individual ownership.

The Territorial Registrar, who was called to testify, appeared with records from her office predating her time, which disclosed a conveyancing instrument, facially with gubernatorial approval, and a registration exercise concluded in 1988. However, these records also make a strong *prima facie* case of an invalid alienation exercise in violation not only of the Alienation of Communal Lands Act, A.S.C.A. §§ 37.0201 et seq., requiring proceedings before the Land Commission, but also an invalid registration exercise in violation of the Registration of Land Titles Act, A.S.C.A. § 37.0101, requiring public notice. Among other things, we found no evidence of actual Land Commission proceedings as mandated by A.S.C.A. § 37.0203; non-compliance with the public notice requirements of 60 days public posting for title registration, as mandated by A.S.C.A. § 37.0103(a); no evidence of any *pulenu`u* public notice of a proposed survey, as required by § 37.0102(c);

no evidence of any public notice in a newspaper of general circulation, as required by § 37.0103(a); no evidence of any notarized statements from the *pulenu`u*, newspaper publisher, and clerk of court averring to such public posting as required by § 37.0103(c). It is quite clear from our review that the conveyancing instrument and registration exercise was undertaken in an amateurish and entirely non-professional manner, without the benefit of competent legal counsel. We believe that there is more to this alienation/registration exercise than meets the eye, and, accordingly, we have directed the present Registrar for certain research.

We find substantial likelihood that Plaintiffs will prevail on the merits of their cause and irreparable injury is likely to arise if a provisional injunction is not issued. We conclude that there exist grounds to issue a preliminary injunction, and no cause otherwise being shown by Tavita, the following order is entered:

## Interim Order

The defendant Seepa Tavita, her agents, assigns, and those in active concert with her are, until further order of this court, hereby enjoined from any further transfer, alienation, and/or encumbrance in anywise of lands Alatutu`i as more particularly described in Drawing RPS2-3-1-87, recorded with the Territorial Registrar in Volume 5, of the Register of Land Transfer at page 182.

A copy of this order shall further be served upon the Territorial Registrar for entry in her appropriate records accordingly.

It is so ordered.